**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

IN RE:

KEY AUTO LIQUIDATION CENTER, INC.,                       CASE NO.: 07-30419-LMK

Debtor.                                                                               CHAPTER: 7

_____/

### ORDER DENYING TRUSTEE'S APPLICATION FOR COMPENSATION FOR SPECIAL COUNSEL FOR ESTATE

THIS MATTER came on for hearing March 20, 2008 on the Trustee's Application for Compensation for Special Counsel for Estate (the "Application," Doc. 339). The Trustee seeks interim compensation in the amount of $10,652.58 for her Special Counsel, who is pursuing certain adversary proceedings on behalf of the estate and whose employment was approved by the Court's *Order on Second Application for Employment of Special Counsel for the Trustee* (Doc. 296)[1]. Creditor N.A.F. Corporation ("NAF") has objected to the Application for Compensation on several grounds, one of which is that the Trustee's Special Counsel was hired on a contingency fee basis (*see Memorandum of N.A.F. Corporation in Opposition to Application for Compensation for Special Counsel for Estate,* Doc. 342). NAF argues that the Trustee's Special Counsel has not yet prevailed in any of the adversary proceedings that he was hired to prosecute, and since the *Order on Second Application for Employment of Special Counsel for the Trustee* provides that his compensation is contingent on recovery, he is not entitled to compensation at this time.

When the Trustee initially sought to employ Mr. Robert O. Beasley as Special Counsel for the estate, NAF objected (*see Objection to Second Application for Employment of Special Coun-

---

[1] The Trustee's *Second Application for Employment of Special Counsel for the Trustee* (Doc. 249) amended the Trustee's original *Application for Employment of Special Counsel for the Trustee* (Doc. 219).

1

*sel for Trustee,* Doc. 251). NAF opposed the *Second Application for Employment of Special Counsel for the Trustee*, alleging that it was too vague, Mr. Beasley had a disqualifying conflict of interest, and the proposed contingency fee proposed was excessive. At the hearing held November 29, 2007 it was determined that Mr. Beasley could be employed by the Trustee if the scope of his employment was more clearly defined and if he took certain actions to cure the possible conflict of interest.

In addition, there was some discussion at the November 29, 2007 hearing as to Mr. Beasley's compensation, and the parties raised the possibility of a hybrid fee arrangement which involved a lowered contingency fee combined with a lower hourly rate. However, after this possibility was discussed, the transcript from the hearing shows I stated that, "as far as fee arrangements, I don't have any problem with the contingency fee on the cases that have been filed." I went on to state that in future adversary proceedings, the fee arrangements would be determined on an "adversary-by-adversary" basis. *Transcript from November 29, 2007 hearing on the Second Application for Employment of Special Counsel for the Trustee*, p. 19, lines 9-19. The transcript reflects that compensation for the adversaries that had been filed up to that point would be awarded on a contingency fee basis and reviewed for reasonableness based on the time spent and other appropriate factors.

At the March 20, 2008 hearing on the *Trustee's Application for Compensation for Special Counsel for Estate*, the Trustee and her Special Counsel asserted that they had reached a different agreement with NAF as to the fee arrangement. After reviewing the case file and the transcript from the November 29, 2007 hearing, I am unable to find any support in the record for this assertion. Clearly, the alternative agreement with NAF was not reached at the November 29, 2007 hearing because there is no indication of such agreement in the transcript. The Trustee's Affidavit in support of the Application (Doc. 356) indicates that an agreement was reached in the hall-

way outside of the courtroom after the hearing, and that the Trustee entered into an employment agreement with Mr. Beasley based on those terms.  Yet it was the Trustee who prepared the *Order on Second Application for Employment of Special Counsel for the Trustee* (Doc. 296), which provided for the employment and terms of compensation for her Special Counsel, and it unambiguously states that "[t]he Trustee shall be allowed to pay Mr. Beasley on a contingency fee basis on the adversary proceedings that have been filed with the Court at this time.  The Court shall address the issue of the appropriate fee basis on additional matters on a case by case basis."  There is no mention of a hybrid fee arrangement of any kind.  If there was an alternative fee arrangement, it was not memorialized in writing and placed in the record.

The Trustee subsequently submitted an agreement titled "Attorneys' Contingent Fee Employment Agreement" with her March 21, 2008 *Memorandum in Support of Trustee's Application for Compensation for Special Counsel for Estate* (Doc. 357, Ex. B), which the Trustee asserts is the operative fee agreement.  It provides for payment on a contingent basis and states that the Trustee agrees "to pay attorneys' fees as set for [sic] below of the total amount recovered . . . which fee is calculated on the total gross recovery before reduction of costs and expenditures . . . ."  Therefore, regardless of which fee agreement is in effect, Mr. Beasley's fee is not payable at this time.

Finally, NAF has also objected to the Application on the ground that NAF is secured by all of the estate assets that the Trustee has on hand.  NAF asserts that the funds that would be used to pay the Special Counsel's fees sought are fully encumbered by NAF's security interest.  The Trustee's Special Counsel has challenged NAF's secured status in the adversary proceedings for which he now seeks compensation.  Therefore, the litigation for which the fees are sought relates to NAF's alleged security interest in the estate assets, including the funds from which such fees

would be paid. If the Trustee's Special Counsel does not prevail in those adversary proceedings, then there will be no unencumbered assets from which his fees could be paid.

Accordingly, it is hereby

ORDERED and ADJUDGED that Trustee's Application for Compensation for Special Counsel for Estate (Doc. 339) is DENIED.

DONE and ORDERED in Tallahassee, Florida this 2nd day of April, 2008.

                                            LEWIS M. KILLIAN, JR.
                                            United States Bankruptcy Judge

cc: all parties in interest